# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRADLEY S. PITTS,

                Plaintiff,

       v.

KIMBERLY SEIBEL, et al.,

                Defendants.

Case No. ED CV 15-1174 DDP (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

      The Court dismisses the action with prejudice for failure to prosecute and for failure of a <u>pro se</u> litigant to update his address with the Court.

* * *

      This is a prisoner civil rights action. Plaintiff formerly was an inmate at the Chuckawalla Valley State Prison. In his complaint, Plaintiff alleged that a variety of correctional and medical officials denied him proper treatment for his neck and back injuries. (Docket # 5 at 1.) Magistrate Judge Wilner screened the original complaint. In July 2015, Judge Wilner directed the Marshals Service to serve the complaint on one of the named defendants. (<u>Id.</u>)

1    In the interim, however, the Post Office returned the Court's screening order

2    and other documents "undeliverable." (Docket # 8, 9, 10.)  According to the

3    Court's docket, Plaintiff never updated his address with the Court as required by

4    Judge Wilner's original case management order (Docket # 5 at 4-5.) and under

5    Local Rule 41-6.  That Local Rule requires a pro se litigant to update his or her

6    mailing address or risk dismissal of the action for lack of prosecution.

7    In September 2015, Judge Wilner issued an order to show cause why the

8    action should not be dismissed based on Plaintiff's failure to prosecute the case and

9    his failure to update his mailing address as required.  (Docket # 11.)  Plaintiff

10   failed to file any response to the OSC.  The Post Office also returned that order to

11   the Court (Docket # 15) along with other documents.[1]  (Docket # 14, 18.)

12   The Court has not received any filing from Plaintiff since the submission of

13   the original complaint several months ago.  Notably, when the Attorney General

14   filed a motion to dismiss the action against the named and served defendant,

15   Plaintiff failed to file a timely response to that, too.  (Docket # 16-18.)

16                                          * * *

17   Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with

18   these rules or a court order, a defendant may move to dismiss the action or any

19   claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v.

20   Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under

21   Rule 41 may be appropriate to advance the public's interest in the expeditious

22   resolution of litigation, the court's need to manage its docket, and to avoid the risk

23   of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir.

24   2010).  Additionally, a court should consider the public policy favoring disposition

25

26   [1]    The Postal Service indicated that these items were undeliverable and
      that there was no forwarding address.  The Court's review of the online CDCR
27   Inmate Locator indicates that Plaintiff is no longer in custody at Chuckawalla or
      any other state prison.
28

of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion.  Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal is appropriate.  Plaintiff failed to provide the Court with up-to-date contact information.  As a result, an order of this Court was returned as undeliverable.  The magistrate judge then issued an OSC and gave Petitioner ample opportunity to update his address with the Court as required by Local Rule 41-6.  Plaintiff's failure to do so – and the Court's subsequent inability to send additional litigation documents to him – demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action.  This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case.  The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6.  Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward.  Carey, 856 F.2d at 1440.

1         Accordingly, for the above reasons, this action is DISMISSED with

2   prejudice.  <u>See</u> Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as

3   an adjudication on the merits").

4         IT IS SO ORDERED.

5

6   Dated:  <u>December 18, 2015</u>

7                                          HON. DEAN D. PREGERSON

8                                          UNITED STATES DISTRICT JUDGE

9

10  Presented by:

11

12

13  HON. MICHAEL R. WILNER

14  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4